## HENDRICKSON v HENDRICKSON

Ohio Appeals, 6th Dist, Erie Co

No 428.  Decided April 30, 1934

Irving, Tincher & Harris, and Ray F. Spears, Sandusky, for plaintiff in error.

Hertlein & Schwer, Sandusky, and King, Flynn & Frohman, Sandusky, for defendant in error.

## OPINION

By RICHARDS, J.

The first matter that requires the attention of the court is that in a complaint under the statute, like the one which was filed in the Common Pleas Court, no pleadings are contemplated except the original complaint, and no others are provided by statute. This court so held in the case of **Halloran v Merritt, Admr., 40 Oh Ap, Sixth District, unreported, p. 230.** As has often been said, the proceeding is one designed to provide a speedy adjudication where a charge is made against an executor or other party for concealing, conveying or embezzling assets of an estate. It was entirely unnecessary for the executrix to have filed any pleading. The answer which she filed contained certain admissions which, of course, can be considered and treated as such, and certainly no prejudice can result to the plaintiff in error in this case by reason of the fact that she did file an answer.

This court is of the opinion that the items of disbursement filed by the executrix in her account in the Probate Court, to which exceptions were filed by this plaintiff in error, could properly and only properly be determined in that court on those exceptions. Certainly the executrix could not justly be charged with concealing, conveying away or embezzling items with which she charges herself, nor would those epithets apply to the payment in regular order of accounts against the estate. Only items which come within the condemnation of the statute, that is, are either concealed, conveyed away or embezzled, could be properly reached on a complaint of this character.

We turn then to that part of the complaint already quoted. It charges in general terms that she has ."concealed, embezzled or conveyed away moneys, goods, chattels or effects of Elizabeth M. Hendrickson, deceased, particularly the following moneys and assets of said estate:". It does not follow from this language that the items which are listed are all of those which are charged to have been wrongfully appropriated or disposed of. The language means, rather, that the complainant particularizes certain specified items. If it should develop on the trial of the proceeding under the statute that he could show other moneys, goods, chattels or effects of the decedent which had been concealed, embezzled or conveyed away, he would be entitled to do so.

Certainly the probate judge has the right and power to hear and determine exceptions filed to the accounts in his court, and it is his duty to do so within a reasonable time.

It was proper for the executrix, in some appropriate way, to raise the question of another proceeding pending between the same parties relating to the same matters, and that claim made by her having been denied by reply, the court would be without power to render judgment on the pleadings.

For the reasons given the judgment will be reversed and the cause remanded to the Court of Common Pleas for further proceedings.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.